## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No.  18-cr-00300-MSK

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.  JOSEPH PRINCE, and
2.  ROLAND VAUGHN,

       Defendants.

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
12/4/18
**JEFFREY P. COLWELL, CLERK**

---

### SUPERSEDING INDICTMENT

---

The Grand Jury charges:

### COUNTS 1–7
### 18 U.S.C. §§ 208(a) & 216(a)(2)

    1.    The Department of Veterans Affairs ("VA") was a department and independent federal agency of the executive branch of the United States Government.

    2.    The VA provided health care benefits to certain Korea and Vietnam Veterans' birth children diagnosed with spina bifida ("SB") through the Veterans Health Administration ("VHA") under the Spina Bifida Health Care Benefits Program.

    3.    The Spina Bifida Health Care Benefits Program paid for home health services, including home health aide services and homemaking services, for beneficiaries of the program ("SB beneficiaries").

    4.    The Veterans Health Administration Office of Community Care located in Denver, Colorado, managed the Spina Bifida Health Care Benefits Program, including

authorization of benefits and the subsequent processing and payment of health care claims.

5.    Defendant JOSEPH PRINCE was a VA employee who worked for the Office of Community Care in Denver.  PRINCE was a Beneficiary/Provider Relationships Specialist for the Spina Bifida Health Care Benefits Program, responsible for maintaining expertise in the benefits program, acting on behalf of beneficiaries and health care providers on questions and issues requiring problem resolution, and coordinating with health care providers to ensure effective claim processing, among numerous other duties.

6.    Advantage Home Health Agency ("Advantage") was a Colorado limited liability company registered with the Colorado Secretary of State on or about July 31, 2017.  PRINCE'S wife, F.P. (also known as F.N.), was the registered agent for Advantage and had a financial interest in Advantage.  The VHA authorized payments under the Spina Bifida Health Care Benefits Program that were then issued from the Department of the Treasury to Advantage totaling approximately $4.3 million for claims for home health services associated with SB beneficiaries.

7.    On or about the dates identified below, in the State and District of Colorado, defendant JOSEPH PRINCE willfully participated personally and substantially as a Government employee through recommendation, the rendering of advice, and otherwise, in a particular matter in which to his knowledge his spouse had a financial interest, namely, through recommendation, referral, and direction that SB beneficiaries and SB beneficiary caregivers use Advantage in connection with home health services,

and for submitting claims to the VA for such services, provided for the benefit of the SB

beneficiaries identified in the chart below.

| COUNT | DATE | BENEFICIARY |
|-------|------|-------------|
| 1 | August 14, 2017 | M.E. |
| 2 | August 14, 2017 – August 27, 2017 | J.E. |
| 3 | August 23, 2017 – September 7, 2017 | J.J. |
| 4 | August 28 – 29, 2017 | E.N. |
| 5 | September 7, 2017 | D.M. |
| 6 | January 17 – 23, 2018 | B.B. |
| 7 | January 25 – February 5, 2018 | R.S. |

The foregoing was in violation of Title 18, United States Code, Sections 208 and

216(a)(2).

## COUNTS 8–23
## 18 U.S.C. § 1347

GENERAL ALLEGATIONS

8.      Paragraphs 1 through 5 are re-alleged and incorporated herein.

9.      Defendant ROLAND VAUGHN, PRINCE'S associate, resided in Florida

and owned and operated Legacy Home Health, LLC ("Legacy"), a Florida limited liability

company registered with the Florida Secretary of State on or about September 25,

2017.

10.     PRINCE's associates G.B. and C.B. resided in Colorado and owned and

operated Gracewood Home Health Agency LLC ("Gracewood"), a Colorado limited

liability company registered with the Colorado Secretary of State on or about November

10, 2017.

11.     Regional Home Health Care Systems, LLC was a Georgia limited liability

company registered with the Georgia Secretary of State on or about August 21, 2017.

Regional Home Healthcare Systems, North LLC was a Georgia limited liability company registered with the Georgia Secretary of State on or about February 23, 2018.  Regional Home Healthcare Systems, East LLC was a Georgia limited liability company registered with the Georgia Secretary of State on or about March 4, 2018.  Collectively, these home health entities are referred to as "Regional."  PRINCE'S associate M.M., also known as M.S., resided in Georgia and owned and operated Regional.

12.     Genesis Home Health Agency ("Genesis") was a Colorado limited liability company registered with the Colorado Secretary of State on or about August 29, 2016. PRINCE'S associate, A.S., owned and operated Genesis.

THE FRAUDULENT SCHEME

13.     Beginning in or about not later than June 2017, and continuing through in or about June 2018, in the State and District of Colorado, defendant JOSEPH PRINCE, together with others known and unknown to the Grand Jury, knowingly and willfully executed and attempted to execute a material scheme to defraud the Veterans Health Administration's Spina Bifida Health Care Benefits Program, a health care benefit program as defined in Title 18, United States Code, Section 24(b), in connection with the delivery of and payment for health care benefits, items, and services.

14.     PRINCE and others known and unknown to the Grand Jury perpetrated the scheme using, among others, the following manner and means:

a.      PRINCE spoke with SB beneficiaries, their family members, or their caregivers on the phone to inform them about home health services available to SB beneficiaries through the Spina Bifida Health Care Benefits Program.

4

   b.      PRINCE told the SB beneficiaries, their family members, or their caregivers that caregivers could be compensated for taking care of the SB beneficiary, and inaccurately informed them regarding the number of hours that the caregiver could be compensated.  PRINCE stated, for example: that the VA provided payment for "24-7" or full-time care; and that the VA paid for any time that the caregiver was with the beneficiary, asking how comfortable the caregiver would feel ever leaving the beneficiary alone and stating the number of hours claimed should be determined based on that answer.

   c.      PRINCE informed the SB beneficiaries, their family members, or their caregivers, that they could receive compensation directly from the VA for bowel and bladder care for four hours per day, leaving 20 hours in the day for which home health services could be claimed.

   d.      PRINCE did not explain the VA regulations regarding home health services to the beneficiaries or the caregivers.  He did not instruct the beneficiaries or their caregivers that the caregiver could only be paid for completing certain tasks, nor that their time providing the specified tasks was compensated in quarter-hour increments.

   e.      PRINCE encouraged SB beneficiaries or their caregivers to maximize the number of hours they claimed, and, in some instances, explicitly told them to overstate the number of hours they worked or the tasks performed.

f.     PRINCE told some SB beneficiaries or their caregivers that they could perform homemaking services but record their time for those tasks as home health aide services, which paid more.

g.     PRINCE told the SB beneficiaries or their caregivers that the caregiver would have to sign up as a contractor with a home health agency to be paid for providing the services.  PRINCE sometimes further explained to the SB beneficiaries, their family members, or their caregivers, that they could submit claims for services provided one full year retroactive to when they would sign up as a contractor.

h.     PRINCE referred the SB beneficiaries, their family members, or their caregivers to Advantage, Genesis, Regional, Legacy, or Gracewood (the "Home Health Entities"), whose owners would then benefit from the inflation of caregiver claims.  PRINCE told the SB beneficiaries or their caregivers that these Home Health Entities were "preferred", "handpicked", or "vetted" VA providers, and referred to them as the entities that paid the most to caregivers.

i.     PRINCE sent paperwork to the SB beneficiaries or their caregivers for the SB beneficiary to initiate the process of receiving home health services. This included a Form 485, which specified the number of hours a beneficiary was authorized to receive home health services.  Often, PRINCE prepopulated this form with the number of hours and the Home Health Entity he had preselected for the beneficiary.

j.      PRINCE forwarded information regarding the SB beneficiaries and their caregivers to the Home Health Entities, advising them that he had assigned or referred the beneficiary to them. PRINCE instructed the Home Health Entities to reach out to the caregiver regarding an independent contractor agreement.  In some cases, PRINCE identified the number of home health hours the caregiver should be contracted for and advised the Home Health Entities how much to pay the caregiver. PRINCE instructed the Home Health Entities that they could submit claims for services one-year retroactive to the date the caregiver signed up as a contractor with the Home Health Entity.

k.      PRINCE advised the Home Health Entities on how to submit claims to the VHA to maximize payment.  PRINCE checked on claim submissions for the Home Health Entities to update them on status of payment.

l.      PRINCE received claims directly from the Home Health Entities, which he reviewed, sometimes corrected and directed the Home Health Entities to change, and forwarded within the VA for processing and payment.

m.      Prince referred at least forty-five SB beneficiaries to the five Home Health Entities, which then submitted claims for services for those beneficiaries. Because of Prince's actions, these claims falsely overstated the compensable services actually provided to the SB beneficiaries pursuant to VA regulations. The VHA authorized payments under the Spina Bifida Health Care Benefits Program that were then issued from the Department of the Treasury to the Home Health Entities totaling approximately $18.8 million for home health services, as

follows: $4.3 million to Advantage, $3 million to Legacy, $1.4 million to Gracewood, $7.1 million to Regional, and $3 million to Genesis.

n.      In addition to financially benefitting his associates who owned the Home Health Entities, PRINCE personally benefitted financially by inflated caregiver claims when money was paid to Advantage, his wife's company, and when the other four Home Health Entities paid him.  PRINCE received, directly and indirectly, payments totalling approximately $1.5 million from Legacy, Gracewood, Regional, and Genesis.

15.      On or about the dates set forth below, in the State District of Colorado, defendant JOSEPH PRINCE, through the actions identified below, knowingly and willfully executed and attempted to execute the above-described scheme and artifice to defraud the Spina Bifida Health Care Benefits Program, a health care benefit program as defined in Title 18, United States Code, Section 24(b), in connection with the delivery of and payment for health care services:

| COUNT | DATE | ACTION |
|---|---|---|
| 8 | June 5, 2017 | Telephone call with A.S. regarding home health services for SB beneficiary K.S. |
| 9 | August 14, 2017 | Telephone call with B.E. regarding home health services for SB beneficiary J.E. |
| 10 | September 7, 2017 | Telephone call with De. M. regarding home health services for SB beneficiary Da. M. |
| 11 | September 5, 2017 | Telephone call with A.T. regarding home health services for SB beneficiary K.T. |
| 12 | September 20, 2017 | Telephone call with SB beneficiary E.N. regarding home health services to be provided by E.N.'s wife |
| 13 | September 28, 2017 | Telephone call with S.D. regarding home health services for SB beneficiary J.D. |
| 14 | January 5, 2018 | Telephone call with R.A. regarding home health services for SB beneficiary T.A |

| 15 | January 17, 2018 | Telephone call with SB beneficiary B.B. regarding home health services |
| 16 | January 24, 2018 | Telephone call with E.L. regarding home health services for SB beneficiary S.L. |
| 17 | January 25, 2018 | Telephone call with M.B. regarding home health services for SB beneficiary J.B. |
| 18 | March 3, 2018 | Telephone call with SB beneficiary N.J. regarding home health services to be provided by N.J.'s mother |
| 19 | March 5, 2018 | Telephone call with SB beneficiary J.L. and J.B. regarding home health services to be provided to SB beneficiary J.L. |
| 20 | March 6, 2018 | Telephone call with L.M. regarding home health services for SB beneficiary M.M. |
| 21 | March 9, 2018 | Telephone call with J.S. regarding home health services for SB beneficiary J.S. |
| 22 | April 5, 2018 | Telephone call with V.W. and S.W. regarding home health services for SB beneficiary V.W. |
| 23 | June 18, 2018 | Telephone call with FBI Undercover Employee regarding home health services for SB beneficiary |

The foregoing was a violation of Title 18, United States Code, Section 1347.

## COUNT 24
## 18 U.S.C. § 371

16.     Paragraphs 1 through 5 and 9 are re-alleged and incorporated herein.

17.     As a VA employee, PRINCE was an officer, employee, and person acting

for and on behalf of the United States and any department, agency, and branch of the

United States in any official function, under and by the authority of a department,

agency, and branch of government.

18.     PRINCE owned Crosswalk Consulting LLC ("Crosswalk"), a Colorado

limited liability company registered with the Colorado Secretary of State on or about

November 6, 2017.  PRINCE was the signatory on bank accounts in the name of
Crosswalk.

19.     Beginning in or about September 2017 and continuing thereafter until at
least June 2018, in the State and District of Colorado, defendants JOSEPH PRINCE
and ROLAND VAUGHN knowingly and willfully conspired and agreed together to
commit an offense against the United States, namely the payment of gratuities to a
public official, JOSEPH PRINCE, in violation of Title 18, United States Code, Section
201(c)(1)(A).

Manner and Means

20.     The object of the conspiracy was carried out as follows:

21.     VAUGHN established a home health agency, Legacy, to which PRINCE
could refer SB beneficiaries or their caregivers.

22.     Acting as a public official in his capacity as a VA employee, PRINCE told
SB beneficiaries, their family members, or their caregivers that SB beneficiary family
members or other caregivers could be paid for providing home health services to a SB
beneficiary if the caregiver signed up as a contractor with a home health agency.
PRINCE also told the SB beneficiaries, their family members, or their caregivers that
they could be paid for the past year of providing such services to the SB beneficiary.
PRINCE referred seven SB beneficiaries, their family members, or their caregivers to
Legacy, VAUGHN'S company.

23.     The caregivers for those seven SB beneficiaries entered into independent
contractor agreements with Legacy to provide a certain number of hours of services per

week.  Caregivers and beneficiaries were to submit weekly logs to Legacy recording tasks and hours per day, for which Legacy would submit claims to the VHA.

24.     VAUGHN caused such claims to be submitted to the VHA, including for services claimed to have been provided one year retroactive to the date the caregiver signed up as a contractor with Legacy.

25.     The VHA, through payments issued by the U.S. Department of the Treasury, paid Legacy approximately $86 per hour for each hour claimed.  VAUGHN, through Legacy, paid the independent contractor caregivers a fraction of that hourly payment, retaining the remainder. Legacy's only business came from the SB beneficiaries referred by PRINCE.

26.     VAUGHN paid or caused to be paid to PRINCE approximately fifty percent of Legacy's net revenues. VAUGHN paid PRINCE for and because of official acts PRINCE, a public official, performed and agreed to perform, that is, the recommendation, referral, and direction that SB beneficiaries and SB beneficiary caregivers use Legacy in connection with home health services, and for submitting claims to the VHA for such services.

27.     PRINCE solicited, received, and agreed to receive the payments from VAUGHN.  PRINCE directed that the payments from Legacy be made to his "consulting" business, Crosswalk.  As a direct and intended part of the conspiracy, VAUGHN made or caused to be made approximately nineteen payments to Crosswalk, totaling approximately $1 million.

Overt Acts

28.     In furtherance of the conspiracy, and to accomplish its object, the defendants committed and willfully caused others to commit the following overt acts, among others, in the State and District of Colorado, and elsewhere:

a.     On or about September 25, 2017, VAUGHN caused Legacy Home Health, LLC to be registered with the Florida Secretary of State.

b.     On or about September 28, 2017, in a telephone call with S.D., PRINCE referred SB beneficiary J.D.'s mother, S.D., to Legacy to bill for home health services.

c.     On or about November 6, 2017, PRINCE faxed or caused to be faxed to Legacy a "Spina Bifida Beneficiary View Screen" containing the personal information for SB beneficiary D.H., and two signed Home Health Certification and Plan of Care forms (Form 485) for SB beneficiary D.H.

d.     On or about January 11, 2018, PRINCE e-mailed VAUGHN a document titled "New Doc 2018-01-04.pdf" that was a completed W-9 for Joseph Prince for the business Crosswalk Consulting, LLC.

e.     On or about January 19, 2018, PRINCE e-mailed VAUGHN a document titled "New Doc 2018-01-19" that identified amounts the VHA had paid to Legacy for claims submitted for three SB beneficiaries PRINCE had referred to Legacy, deducting certain costs from those amounts, and calculating fifty percent of the remaining net payment. The fifty percent amounts for the three beneficiaries totaled $36,540.

f.      On or about March 2, 2018, PRINCE and VAUGHN spoke on the telephone regarding payments VAUGHN sent to PRINCE for "30 and 45."

g.      On or about March 6, 2018, in a telephone call with L.M., PRINCE referred L.M. to Legacy to bill for home health services for SB beneficiary M.M.

h.      On or about March 12, 2018, PRINCE faxed or caused to be faxed to Legacy two pages identifying amounts the VHA had paid to Legacy for claims submitted for two specific SB beneficiaries PRINCE had referred to Legacy, deducting certain costs from those amounts, and calculating fifty percent of the remaining net payment.  The fifty percent amounts for the two beneficiaries totaled $4,347.

i.      On or about March 16, 2018, VAUGHN caused to be transferred $4,347 from Academy Bank account #1094 in the name of Legacy Home Health, LLC to JPMorgan Chase account #7280 in the name of Crosswalk Consulting LLC.

j.      On or about May 31, 2018, PRINCE faxed or caused to be faxed to Legacy eleven pages identifying amounts the VHA had paid to Legacy for claims submitted for specific SB beneficiaries PRINCE had referred to Legacy, deducting certain costs from those amounts, calculating fifty percent of the remaining net payment, and identifying "Total 236,736."

k.      On or about June 1, 2018, VAUGHN caused the transfer of $236,736 from JPMorgan Chase account #2795 in the name of Legacy Home

Health, LLC to JPMorgan Chase account #7280 in the name of Crosswalk

Consulting LLC.

The foregoing was in violation of Title 18, United States Code, Section 371.

**COUNTS 25–27**
**18 U.S.C. § 201(c)(1)(A)**

29.     Paragraphs 1 through 5, 9, 17, and 18 are re-alleged and incorporated

herein.

30.     On or about the dates identified below, in the State and District of

Colorado, defendant ROLAND VAUGHN did directly and indirectly give, offer, and

promise a thing of value, that is, the payment of money in the amounts identified below,

to public official JOSEPH PRINCE, otherwise than as provided by law for the proper

discharge of official duties, for and because of an official act performed and to be

performed by such official, that is the recommendation, referral, or direction that SB

beneficiaries and SB beneficiary caregivers use Legacy in connection with home health

services, and for submitting claims to the VA for such services:

| COUNT | DATE | PAYMENT |
|---|---|---|
| 25 | May 14, 2018 | $100,000 transfer from JPMorgan Chase account #2795 in the name of Legacy Home Health, LLC, to JPMorgan Chase account #7280 in the name of Crosswalk Consulting LLC |
| 26 | May 18, 2018 | $75,000 transfer from JPMorgan Chase account #2795 in the name of Legacy Home Health, LLC, to JPMorgan Chase account #7280 in the name of Crosswalk Consulting LLC |
| 27 | June 1, 2018 | $236,736 transfer from JPMorgan Chase account #2795 in the name of Legacy Home Health, LLC, to JPMorgan Chase account #7280 in the name of Crosswalk Consulting LLC |

The foregoing was in violation of Title 18, United States Code, Section 201(c)(1)(A).

**COUNTS 28–33**
**18 U.S.C. § 201(c)(1)(B)**

31.     Paragraphs 1 through 5, 9, 10, 17, and 18 are re-alleged and incorporated herein.

32.     On or about the dates identified below, in the State and District of Colorado, defendant JOSEPH PRINCE, a public official, otherwise than as provided by law for the proper discharge of official duties, did directly and indirectly demand, seek, receive, accept, and agree to receive and accept something of value personally, for and because of an official act performed and to be performed by such an official, that is, the recommendation, referral, and direction that SB beneficiaries and SB beneficiary caregivers use the home health entity identified below in connection with home health services, and for submitting claims to the VA for such services, as set forth below:

| COUNT | DATE | HOME HEALTH ENTITY | PAYMENT |
|---|---|---|---|
| 28 | May 14, 2018 | Legacy | $100,000 transfer from JPMorgan Chase account #2795 in the name of Legacy Home Health, LLC, to JPMorgan Chase account #7280 in the name of Crosswalk Consulting LLC |
| 29 | May 18, 2018 | Legacy | $75,000 transfer from JPMorgan Chase account #2795 in the name of Legacy Home Health, LLC, to JPMorgan Chase account #7280 in the name of Crosswalk Consulting LLC |
| 30 | June 1, 2018 | Legacy | $236,736 transfer from JPMorgan Chase account #2795 in the name of Legacy Home Health, LLC, to JPMorgan Chase account #7280 in the name of Crosswalk Consulting LLC |

| 31 | February 2, 2018 | Gracewood | $48,556.80 transfer from Public Service Credit Union account #1809-01 in the name of Gracewood Home Health Agency, LLC to JPMorgan Chase account #7280 in the name of Crosswalk Consulting LLC |
| 32 | May 31, 2018 | Gracewood | $122,472 transfer from Guaranty Bank account #5684 in the name of Gracewood Home Health Agency, LLC to JPMorgan Chase account #7280 in the name of Crosswalk Consulting LLC |
| 33 | June 19, 2018 | Gracewood | $41,083.20 transfer from Guaranty Bank account #5684 in the name of Gracewood Home Health Agency, LLC to JPMorgan Chase account #7280 in the name of Crosswalk Consulting LLC |

The foregoing was in violation of Title 18, United States Code, Section 201(c)(1)(B).

**COUNTS 34–41**
**18 U.S.C. § 1957**

33.    On or about the dates set forth below, in the State and District of Colorado, defendant JOSEPH PRINCE did knowingly engage and attempt to engage in the following monetary transactions by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, health care fraud in violation of Title 18, United States Code, Section 1347 for counts 34 through 38, and soliciting and receiving gratuities in violation of Title 18, United States Code, Section 201(c)(1)(B) for counts 40 and 41.

| COUNT | DATE | MONETARY TRANSACTION |
|---|---|---|
| 34 | January 19, 2018 | $28,000 check #2606 from JPMorgan Chase account #9809 in the names of Joseph C. Prince and F.N., signed by PRINCE and issued to Scholars Choice |

| 35 | January 19, 2018 | $28,000 check #2607 from JPMorgan Chase account #9809 in the names of Joseph C. Prince and F.N., signed by PRINCE and issued to Scholars Choice |
| 36 | January 22, 2018 | $50,000 check #2610 from JPMorgan Chase account #9809 in the names of Joseph C. Prince and F.N., signed by PRINCE and issued to Allianz Life |
| 37 | January 24, 2018 | $50,000 check #2611 from JPMorgan Chase account #9809 in the names of Joseph C. Prince and F.N., signed by PRINCE and issued to Allianz Life |
| 38 | January 25, 2018 | $50,000 check #2608 from JPMorgan Chase account #9809 in the names of Joseph C. Prince and F.N., signed by PRINCE and issued to Jackson National Life |
| 39 | January 25, 2018 | $50,000 check #2609 from JPMorgan Chase account #9809 in the names of Joseph C. Prince and F.N., signed by PRINCE and issued to Jackson National Life |
| 40 | March 6, 2018 | $12,000 wire transfer from JPMorgan Chase account #7280 in the name of Crosswalk Consulting LLC to First Citizens Bank Ltd., Port of Spain, Trinidad and Tobago with reference to "Real Estate Purchase" |
| 41 | March 20, 2018 | $50,000 check #3006 from JPMorgan Chase account #7280 in the name of Crosswalk Consulting LLC, signed by PRINCE and issued to Jackson National |

The foregoing was in violation of Title 18, United States Code, Section 1957.

### COUNTS 42–44
### 18 U.S.C. § 1956(a)(1)(B)(i)

34.     On or about the dates listed below, in the State and District of Colorado,

defendant JOSEPH PRINCE did knowingly conduct and attempt to conduct the financial

transactions affecting interstate commerce identified below in the amounts identified

below, which involved the proceeds of specified unlawful activities, that is, soliciting and

receiving gratuities in violation of Title 18, United States Code, Section 201(c)(1)(B),

knowing that the transactions were designed, in whole or in part, to conceal and

disguise the source, ownership, and control of those proceeds and that the property

involved in the financial transactions represented the proceeds of some form of unlawful

activity, and JOSEPH PRINCE aided and abetted and willfully caused the same:

| COUNT | DATE | MONETARY TRANSACTION |
|-------|------|----------------------|
| 42 | January 18, 2018 | Purchase of $70,000 Academy Bank cashier's check #105208 with check drawn on Academy Bank account #1088 in the name of Crosswalk Consulting LLC |
| 43 | April 23, 2018 | Purchase of $7,500 Chase cashier's check #9587911093 payable to Venture Homes Inc. with funds from JPMorgan Chase account #7280 in the name of Crosswalk Consulting LLC |
| 44 | August 8, 2018 | $48,000 transfer from JPMorgan Chase account #0079 in the name of Crosswalk Consulting to JPMorgan Chase account #9504 in the names of Joseph Prince and F.P. |

The foregoing was in violation of Title 18, United States Code, Section

1956(a)(1)(B)(i).

<u>NOTICE OF FORFEITURE</u>

35.    The allegations contained in Counts 1 through 44 of this Superseding

Indictment hereby are re-alleged and incorporated by reference for the purpose of

alleging forfeiture pursuant to the provisions of Title 18, United States Code, Sections

981(a)(1)(C), 982(a)(1), and 982(a)(2), and Title 28, United States Code, Section

2461(c).

36.    Upon conviction of the violation of Title 18, United States Code, Section

1347, alleged in Counts 8 through 23 of this Superseding Indictment, the defendant

JOPSEPH PRINCE shall forfeit to the United States, pursuant to Title 18, United States

Code, Section 982(a)(7) any and all rights, title, and interest in all property constituting

and derived from gross proceeds they obtained directly and indirectly as a result of such

offense or offenses, including, but not limited to, the entry of a money judgment in the amount of proceeds obtained by the scheme and by the defendants.

37.     Upon conviction of the violation of Title 18, United States Code, Section 371, alleged in Count 24 of this Superseding Indictment, the defendants JOSEPH PRINCE and ROLAND VAUGHN shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all rights, title, and interest in all property constituting and derived from any proceeds they obtained directly and indirectly as a result of such offense or offenses, including, but not limited to, the entry of a money judgment in the amount of proceeds obtained by the scheme and by the defendants.

38.     Upon conviction of the violation of Title 18, United States Code, Section 201(c)(1), alleged in Counts 25 through 33 of this Superseding Indictment, the defendants JOSEPH PRINCE and ROLAND VAUGHN shall forfeit to the United States, pursuant Title 18, United States Code, Section 981(a)(1)(C), any and all rights, title, and interest in all property constituting and derived from any proceeds they obtained directly and indirectly as a result of such offense or offenses, including, but not limited to, the entry of a money judgment in the amount of proceeds obtained by the scheme and by the defendants.

39.     Upon conviction of the violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1957, alleged in Counts 34 through 44 of this Superseding Indictment, the defendant JOSEPH PRINCE shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all rights, title, and interest in all property involved in such offenses, and traceable to such property, including, but not

limited to, the entry of a money judgment in the amount of proceeds involved in the offense and conspiracy.

40.     If any of the property described above, as a result of any act or omission of JOSEPH PRINCE and ROLAND VAUGHN cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been substantially diminished in value; or has been commingled with other property that cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of JOSEPH PRINCE and ROLAND VAUGHN, up to the value of the forfeitable property.

A TRUE BILL

Ink signature on file in Clerk's Office
FOREPERSON

Jason R. Dunn
United States Attorney

By: /s/ Anna K. Edgar
Anna K. Edgar
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0409
E-mail: Anna.Edgar@usdoj.gov
Attorney for the United States